J-S05039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMAL AMID BAILEY | : | |
| | : | |
| Appellant | : | No. 829 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 21, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004351-2017

BEFORE:   BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 1, 2025**

Appellant, Jamal Amid Bailey, appeals from the judgment of sentence entered in the Court of Common Pleas of Chester County on September 21, 2022. We grant counsel's application to withdraw and affirm.

The relevant facts and procedural history are as follows: Between February 6, 2017, and April 26, 2017, Appellant administered doses of Quetiapine, an adult psychoactive medication, to his ten-month old daughter. He placed the drug in her milk bottles each evening, resulting in her death. N.T., 8/30/21, at 2. On August 30, 2021, Appellant pled guilty to: Murder of the Third Degree;[1] Aggravated Assault—Victim Less Than 6 and Defendant 18

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 2502(c).

or Older;[2] and Endangering the Welfare of Children.[3] On September 21, 2022, Appellant was sentenced to a term of incarceration of seventeen to forty years, followed by ten years of probation to run consecutively.

On September 30, 2022, Appellant filed a timely post-sentence motion to "Withdraw Guilty Plea and for Appointment of Conflict Counsel." On November 16, 2022, counsel for Appellant was granted leave to withdraw and the court administrator was directed to appoint substitute conflict counsel. It was not until July 20, 2023, that the Court Administrator appointed new counsel. However, Pennsylvania Rule of Criminal Procedure 720(B)(3)(a) states that the trial court "shall decide [a] post-sentence motion, including any supplemental [post-sentence] motion, within 120 days of the filing of the motion." Pa.R.Crim.P. 720(B)(3)(a).

If the trial court "fails to decide the motion within 120 days, or to grant an extension as provided in [Rule 720](B)(3)(b), the motion shall be deemed denied by operation of law." *Id.* Here, although the trial court entered an order appointing conflict counsel within 120 days of Appellant's post-sentence motion, the trial court did not dispose of Appellant's motion to withdraw his guilty plea.

> When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the [trial] court, and, as provided in [Pennsylvania Rule of Criminal Procedure] 114, forthwith shall serve a copy of the order on the

---

[2] 18 Pa.C.S.A. § 2702(a)(8).
[3] 18 Pa.C.S.A. § 4304(a)(1).

attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied.

Pa.R.Crim.P. 720(B)(3)(c). Once a post-sentence motion is denied by the trial court, or deemed denied by operation of law, a defendant has thirty days in which to file a timely notice of appeal. Pa.R.Crim.P. 720(A)(2)(a) and (b).

Here, Appellant filed his post-sentence motion on September 30, 2022. As such, the trial court had until January 28, 2023, to dispose of the post-sentence motion or it would be deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(c). Because the trial court did not dispose of Appellant's September 30, 2023 post-sentence motion by January 28, 2023, Appellant's post-sentence motion was deemed denied by operation of law on January 28, 2023.

Ordinarily, Appellant's time for filing an appeal would expire on Monday, February 27, 2023, thirty days after his post-sentence motion was denied by operation of law. Pa.R.Crim.P. 720(A)(2)(b). A review of the record, however, reveals that the clerk of courts did not enter an order on behalf of the trial court that indicated Appellant's post-sentence motion was denied by operation of law. Additionally, the trial court proceeded to schedule a hearing on Appellant's post-sentence motion and grant nearly a dozen continuances between April 2023 and January 2024 for the hearing. It is well-established that "where the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant

- 3 -

of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances." ***Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa. Super. 2003), citing ***Commonwealth v. Braykovich***, 664 A.2d 133 (Pa. Super. 1995), appeal denied, 675 A.2d 1242 (Pa. 1996).

The hearing on Appellant's post-sentence motion to withdraw his guilty plea finally occurred on February 2, 2024. On February 12, 2024, the trial court entered the order which noted that Appellant's motion had already been deemed denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3). Tr. Ct. Order, 2/12/24, at 1. In the alternative, the trial court noted that "Defendant did not persuade this court that his guilty plea [on] August 30, 2021 was not knowing, intelligent, and voluntary." Tr. Ct. Order, 2/12/24, at 1 n.2.

Due to the breakdown in the court system that prevented Appellant from receiving notice that his motion was denied by operation of law, the trial court's February 12, 2024, order also reinstated Appellant's right to direct appeal, *nunc pro tunc*, upon the Commonwealth's consent. On February 14, 2024, the Court Administrator appointed appellate counsel, Scott J. Werner, Esquire, who filed a timely Notice of Appeal on March 12, 2024. On March 13, 2024, the trial court entered an order directing Appellant to file and serve a Rule 1925(b) statement within twenty-one days.

On April 10, 2024, this Court entered an order stating that all appellate briefs be filed in this matter before May 20, 2024. Super. Ct. Order, 4/10/24,

at 1. On April 3, 2024, this Court filed an order stating that Appellant had failed to timely file the docketing statement required by Pa.R.A.P. 3517, and that it must be filed by May 3, 2024. Counsel for Appellant complied with the latter order and filed the docketing statement on April 29, 2024. However, when no 1925(b) statement or appellate brief was filed as of July 15, 2024, this Court remanded the appeal to the trial court for thirty days directing the trial court to determine the status of Appellant's appellate counsel. Super. Ct. Order, 7/15/24. The trial court held a conference on July 24, 2024, and notified this Court that the appointed appellate counsel had not abandoned Appellant, counsel would continue to represent Appellant, and that the Appellant was satisfied with counsel's representation. Tr. Ct. Notification, 8/22/24.

In light of the trial court's determination, on October 1, 2024, this Court issued a briefing schedule, ordering Appellant to file his brief on or before November 12, 2024. Super. Ct. Order, 10/1/24, at 1. We note that our scheduling order directing counsel to file a brief did not direct counsel to file a statement pursuant to 1925(b), however, it required that all documents necessary to the issues raised on appeal be included or else they may be waived. Super. Ct. Order, 10/1/24, at 1.

Appellant's counsel complied with our scheduling order and filed an **Anders** brief on November 12, 2024 pursuant to **Anders v. California**, 386 U.S. 738 (1967). However, upon the filing of the **Anders** brief, counsel had

- 5 -

still not complied with the trial court's March 13, 2024, order to file a 1925(b) statement, or alternatively, a 1925(c)(4) statement of intent to withdraw in lieu of a concise statement.

This Court issued a memorandum concluding that counsel's failure to file a statement pursuant to 1925(b) or (c) prevented us from granting his motion to withdraw. **Commonwealth v. Bailey**, No. 829 EDA 2024, 2025 WL 523869, 2025 Pa. Super. Unpub. LEXIS 382 (Feb. 18, 2025). We stated that within fifteen days of the date of our memorandum, counsel must either (1) comply with the order and file a Rule 1925(b) statement or (2) file a statement of intent to file an **Anders** brief. **Id.** at *9 (citing **See Commonwealth v. McBride**, 957 A.2d 752, 757 (Pa. Super. 2008)).

On March 18, 2025, counsel filed a statement of intent to file an **Anders/McClendon** brief pursuant to Rule 1925(c)(4). Appellant did not file a *pro se* response to the **Anders** brief. No additional trial court opinion was filed. The trial court record was certified and transmitted back to this Court. This appeal followed.

Prior to addressing this appeal, we must first resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has

determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in ***Santiago*** stated that an ***Anders*** brief must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d at 349, 361 (Pa. 2009). Counsel also must provide the appellant with a copy of the ***Anders*** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted).

Herein, counsel filed a petition to withdraw as counsel and an ***Anders*** brief. After review of the ***Anders*** brief, we find that counsel sufficiently complied with the procedural requirements of ***Anders*** as articulated by ***Santiago.*** The brief contains a factual and procedural summary, a conclusion that the appeal is frivolous, and counsel's reasoning for it. Appellant's Br. at

12. Attached to the application to withdraw was a copy of the letter advising Appellant of his rights pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005). *See* Application to Withdraw, Exhibit B. The *Millisock* letter and certificates of service attached to the brief and application to withdraw indicate Appellant was served a copy of the documents. *See* Letter, 11/11/24. Accordingly, counsel's *Anders* brief has complied with the procedure for withdrawing as counsel.

Once a reviewing court has determined that counsel satisfied the above requirements, the court must

> then proceed[], after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders, supra* at 744 (emphasis added).

With the above principles in mind, we will first review the issue raised in counsel's Anders Brief. Appellant sought to withdraw his guilty plea through his post-sentence motion. Following a hearing, the trial court concluded the Appellant's plea was knowing, voluntary, and intelligent. *See* Tr. Ct. Op., 4/9/24, at 2 (citing Tr. Ct. Order, 2/12/24, at 1 n.2).

There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. *Commonwealth v. Muhammad*, 794 A.2d 378, 382 (Pa.

Super. 2002). A trial court's decision to deny a defendant's motion to withdraw a guilty plea is subject to an abuse-of-discretion standard of review. ***Commonwealth v. Broaden***, 980 A.2d 124, 128 (Pa. Super. 2009). Post-sentence motions to withdraw a guilty plea are subject to higher scrutiny than those filed before one's sentence is imposed to discourage the entry of guilty pleas as "sentence-testing devices." ***Id.*** at 129 (citation omitted). Thus, in order to withdraw a guilty plea after sentence is imposed, a defendant must demonstrate that a manifest injustice would result if the court were to deny her post-sentence motion to withdraw his plea. ***Id.*** Manifest injustice is present when "the plea was not tendered knowingly, intelligently, and voluntarily." ***Id.*** (citation omitted). When determining if a guilty plea is valid, we must examine the totality of circumstances surrounding it. ***Id.*** (citation omitted). It is well-established that a defendant's disappointment in the sentence imposed upon her does not constitute "manifest injustice." ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa. Super. 2003) (citation omitted).

Herein, the record belies Appellant's contention that the trial court should have permitted him to withdraw his guilty plea, and Appellant cannot demonstrate manifest injustice. Appellant entered into a negotiated open guilty plea with the assistance of counsel. He reviewed, signed, and initialed each page of the written guilty plea colloquy including the terms and facts in support of the plea. Colloquy, 8/30/21, at 5-9, 11. A colloquy was conducted

by the trial court, and Appellant was questioned in detail about his plea and whether it was knowing and voluntary. N.T., 8/30/21, at 7-20. The trial court found that Appellant completed the guilty plea form with a full understanding of its contents, and that he voluntarily and intelligently entered the guilty plea. Colloquy, 8/30/21, at 10.

It was not until after Appellant was sentenced that he asserted that his plea was not intelligent, voluntary, and knowing. Regarding Appellant's argument on this point, the trial court stated as follows:

> This court heard evidence on February 2, 2024 while awaiting Defendant's response to the Commonwealth's challenge to this court' jurisdiction to decide Defendant's Motion. Defendant did not persuade this court that his guilty plea August 30, 2021 was not knowing, intelligent, and voluntary. Defendant's challenge to his guilty plea appears to be in the nature of a claim for ineffective assistance of counsel. "[G]enerally speaking, claims of ineffectiveness may no longer be entertained on direct appeal, even if a defendant procures new counsel; rather, they are deferred to the post-conviction review process.["] **Commonwealth v. Bradley**, 261 A.3d 381, 391 (Pa. 2021) (citing **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002)).

Tr. Ct. Order, 2/12/24, at n.2.

We agree, and we discern no abuse of discretion. Appellant failed to demonstrate manifest injustice, and the trial court found that Appellant's plea was knowing, voluntary, and intelligent. Appellant indicated to the trial court that it was only after thorough and careful consultation with his lawyer and with the colloquy document that he signed it. N.T., 8/30/31, at 9. He specifically stated that his attorney explained the paperwork, was willing to

answer any of his questions, and was a "blessing" to him. ***Id.*** at 10, 14. He understood the sentence he could receive for his plea, but was informed that an "open" guilty plea means there is no agreement as to what the sentence will be. ***Id.*** at 11-12. He indicated on the record after the colloquy that he had no questions for his attorney or the court. ***Id.*** at 19, 20, 21.

We have conducted an independent review of the issue identified by counsel in his ***Anders*** brief and agree that it lacks arguable merit. Further, we have reviewed Appellant's *pro se* filings, transcripts of the proceedings, and the trial court's orders and opinion. Our review of the record raises no new issues. Accordingly, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/1/2025